# COURT OF APPEALS OF VIRGINIA

**Record No. 0295-25-4**

INOVA HEALTH CARE SERVICES,
d/b/a INOVA MEDICAL GROUP
v.
GINO AGOSTINI

Present: Judges Lorish, Callins and White

Argued at Alexandria, Virginia

Opinion Issued June 30, 2026[*]

## FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Matthew P. Snow, Judge

Michael W. Robinson (Laurie L. Kirkland; Jessica L. Sura; Ian J. McElhaney; Blankingship & Keith, P.C., on briefs), for appellant.

Benjamin M. Wengerd (Travis W. Markley; Richard L. Nagle; James N. Knaack; TrialHawk Litigation Group, LLC, on brief), for appellee.

## MEMORANDUM OPINION BY
## <u>JUDGE DOMINIQUE A. CALLINS</u>

Inova Health Care Services (Inova) appeals the trial court's judgment in favor of Gino

Agostini on his medical malpractice claim. Inova argues, among other things, that the trial court

erred in excluding its expert's standard of care testimony. Finding no error, we affirm.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

Three days following his laparoscopic appendectomy at Inova, Agostini returned to the hospital after experiencing pain and fever. A CT scan revealed that "4.7 cm of the distal inflamed appendix" remained in Agostini's abdomen, and he underwent another surgery to remove it. Agostini then filed a medical malpractice suit against Inova, alleging that the surgeon negligently failed to "properly remove the entirety of [his] inflamed appendix."

Prior to trial, Inova designated Dr. Herbert Chen and Dr. Brian Carmine to testify as experts. Dr. Chen was the Chief Surgeon at the University of Alabama and had been practicing medicine since 1992. Dr. Carmine was an attending surgeon at Boston Medical Center and had been practicing medicine since 2004. Inova designated both surgeons to testify as experts in the "standard of care, causation, and damages" applicable to the surgeon who performed Agostini's appendectomy. The designations for both surgeons were nearly identical, with each set to testify generally about (1) the "medical topics relevant to the case"; (2) the nature of Agostini's "presenting condition" prior to his appendectomy; (3) what Agostini's surgeon did; (4) common complications in appendectomies; and (5) steps taken after Agostini's readmission.

As expected, Inova moved to admit testimony from both experts at trial. Dr. Chen testified by de bene esse deposition as an expert in "the field of general surgery." Dr. Chen opined that Agostini's surgeon "did not breach the standard of care" when performing the appendectomy because the mere presence of an appendix is not a breach. He also explained that part of the appendix may separate on its own due to inflammation. After Dr. Chen testified, Inova moved to qualify Dr. Carmine as an expert, but Agostini objected to his qualifications "as

---

[1] We review the facts in the lights most favorable to the prevailing party in the trial court—here, Agostini. *McCants v. CD &PB Enters., LLC*, 303 Va. 19, 22 (2024). We unseal facts found in the sealed record only to the extent we must discuss them. *Brown v. Va. State Bar ex rel. Sixth Dist. Comm.*, 302 Va. 234, 240 n.2 (2023).

an expert in the case." Inova responded by introducing a letter from the Virginia Board of Medicine, stating that Dr. Carmine met the educational and examination requirements to hold a license to practice medicine and surgery in Virginia. The trial court concluded that the letter was insufficient to trigger the presumption of qualification for physicians licensed outside Virginia according to Code § 8.01-581.20 and sustained Agostini's objection. When the trial court asked if there was "[a]nything further with this witness," Inova responded, "Nothing, Your Honor."

The jury ultimately found in favor of Agostini, awarding him $1,750,000 in damages. This appeal follows.

ANALYSIS

Inova argues that the trial court erred in excluding Dr. Carmine's testimony on the standard of care because the Virginia Board of Medicine letter satisfied the presumption under Code § 8.01-581.20. Assuming without deciding that the trial court so erred, we conclude that the putative error was harmless.

Under Code § 8.01-678, the General Assembly has mandated that we engage in harmless error review before reversing any judgment. Non-constitutional errors are harmless and do not merit reversal if "we 'can conclude that the error did not influence the jury or had but slight effect.'" *Shaw v. Commonwealth*, 304 Va. 217, 234 (2025) (quoting *Commonwealth v. Kilpatrick*, 301 Va. 214, 216 (2022)). "Exclusion of expert testimony is 'reversible error when the record fails to show plainly that the excluded evidence could not have affected the verdict.'" *Christian Scholars Network, Inc. v. Montgomery County*, 86 Va. App. 600, 622 (2026) (quoting *Commonwealth v. Proffitt*, 292 Va. 626, 642 (2016)). Put differently, the exclusion of expert testimony is prejudicial if it would have "carried great weight with the jury" because of the expert's status or experience. *Black v. Bladergroen*, 258 Va. 438, 446 (1999) (holding exclusion of expert testimony prejudicial where the expert was "a world authority" with "international

recognition"); *see also Hinkley v. Koehler*, 269 Va. 82, 92 (2005) (holding the same where an excluded expert's testimony would have been more detailed than that of an admitted expert with less experience).

Here, we hold that Dr. Carmine's testimony would "not have affected the verdict." *Christian Scholars Network*, 86 Va. App. at 622 (quoting *Proffitt*, 292 Va. at 642). To the contrary, the record reveals that Dr. Carmine's testimony would have been merely cumulative of Dr. Chen's. *See King v. Cooley*, 274 Va. 374, 380 (2007) (holding exclusion of expert testimony in a medical malpractice action harmless where the testimony "was merely cumulative of the other medical opinions given by the defendants' other physician witnesses"). Both physicians were general surgeons licensed outside of Virginia, and both physicians were set to testify about the "standard of care, causation, and damages." In fact, Inova's designations for the two experts were nearly identical, with only minor differences in wording and presentation. Dr. Chen had 12 years more experience in medicine than Dr. Carmine, and neither one had "international recognition" as a "world authority" on appendectomies. *See Black*, 258 Va. at 446. And the mere fact that Dr. Chen testified by de bene esse deposition, whereas Dr. Carmine was to testify in person, does not change the cumulative nature of their testimony. For these reasons, we conclude that the exclusion of Dr. Carmine's testimony would have had, at worst, "but slight effect" on the jury's verdict. *Shaw*, 304 Va. at 234 (quoting *Kilpatrick*, 301 Va. at 216). Any resulting error therefore was harmless.[2]

---

[2] Inova asserts on brief that it was prejudiced by the exclusion of Dr. Carmine's testimony since "Agostini [u]sed the [e]xclusion to [i]nflame the [j]ury." But the trial court's exclusion of Dr. Carmine's testimony is a matter entirely separate from Agostini's closing argument. At trial, Inova challenged only the former. Because Inova did not object to Agostini's closing argument, the issue is not preserved for our review. *See* Rule 5A:18; *Maxwell v. Commonwealth*, 287 Va. 258, 267 (2014) (holding that objections to statements in a closing argument must be specific and timely for preservation purposes).

CONCLUSION[3]

Accordingly, we affirm the trial court's judgment.

*Affirmed.*

---

[3] Inova also argues that the trial court erred in failing to grant its motion for a new trial and that the trial court's ruling sustaining Agostini's broad objection erroneously precluded Inova from offering Dr. Carmine's testimony on causation or damages. But neither of these issues are preserved for our review. The trial court never ruled on Inova's motion for a new trial, so "there is no ruling of the trial court for this Court to review on appeal." *Duva v. Duva*, 55 Va. App. 286, 299 (2009). As for Dr. Carmine, the parties' arguments and the trial court's ruling focused on Dr. Carmine's qualifications to testify about the standard of care under Code § 8.01-581.20. Indeed, Inova opted, proverbially, to bite its nose to spite its face, responding that it had "[n]othing" further for Dr. Carmine after the trial court sustained the objection as to standard of care. So although Inova's arguments that Dr. Carmine could have opined on causation and damages as a matter of law are well-taken, Inova deprived the trial court of an opportunity to rule intelligently on these independent legal issues. *See Hannah v. Commonwealth*, 303 Va. 106, 126-27 (2024).